IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Theodore G. Hartsock, Jr., as Personal Representative of the Estate of Sarah Mills Hartsock,<br><br>      Plaintiff,<br><br>  v.<br><br>Goodyear Dunlop Tires North America LTD, *a foreign corporation*; and The Goodyear Tire & Rubber Company,<br><br>      Defendants. | Civil Action No. 2:13-cv-00419-PMD<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Defendants' Objections ("Objections") to the Magistrate Judge's Order of November 22, 2013 ("Magistrate's Order"). For the reasons that follow, the Court overrules Defendants' Objections and affirms the Magistrate's Order.

## **<u>BACKGROUND</u>**

  Plaintiff Theodore G. Hartsock, Jr., as Personal Representative of the Estate of Sarah Mills Hartsock, filed the instant action against Defendants Goodyear Dunlop Tires North America LTD ("GDTNA") and Goodyear Tire & Rubber Company ("Goodyear"). In his Amended Complaint, Plaintiff alleges that on July 6, 2010, a G670 RV tire—manufactured by Defendants—on a recreational vehicle failed, causing the "motor home [to cross] the median of Interstate Highway 26, bursting through the dividing cable barrier and striking Plaintiff's decedent's vehicle head on." Am. Compl. ¶ 16, ECF 22. Plaintiff's Amended Complaint seeks

1

damages for survival and wrongful death, and lists the following causes of action: negligence, strict liability, and breach of express and implied warranties.

Plaintiff filed a Motion to Compel in July 2013, and Defendants filed their own Motion to Compel in August 2013. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, this Court referred the motions to Magistrate Judge Bruce H. Hendricks. *See Cooper v. Lab. Corp. of Am. Holdings, Inc.*, 181 F.R.D. 312, 314 (D.S.C. 1997) ("Under the authority of 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P., a Magistrate Judge is authorized to enter an order on a pretrial matter that is not dispositive of a claim."). Judge Hendricks held a hearing on the motions on November 19, 2013. On November 22, 2013, Judge Hendricks issued an order granting both motions. Defendants timely filed their Objections to the Magistrate's Order.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* If a party fails to produce a requested document, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "The party opposing a motion to compel bears the burden of showing why it should

not be granted." *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, C.A. No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

Under Rule 72(a), a district judge must consider timely objections to an order of a magistrate judge deciding a nondispositive pretrial matter. The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *King v. Marriott Intern., Inc.*, C.A. No. 9:05–1774–PMD–RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006). Importantly, the court may not reverse a decision "simply because it is convinced that it would have decided the matter differently." *Anderson*, 470 U.S. at 573.

## ANALYSIS

I.  **Request No. 11**

The Magistrate's Order requires production of the inner liner specifications, and changes thereto, for the entire G670 RV line, a group consisting of ten different tires. Defendants argue that the Magistrate's Order is overly broad and burdensome because it requires production of information for the other nine G670 RV tires without a showing of substantial similarity to the tire at issue in this litigation. According to Defendants, the uncontroverted Affidavit of Terry Parsons demonstrates that the nine other tires bearing the G670 RV name are not substantially similar to the tire at issue. However, at the hearing, the Magistrate Judge specifically asked defense counsel whether the Affidavit addresses the difference between the liner thicknesses of

3

the tire at issue and the other nine tires. Defense counsel correctly stated that the Affidavit does not address the thicknesses for each tire. Moreover, when the Judge asked how "the inner liners of the other nine G670RV tires vary from [the] inner liner of the Hartsock tire," Defendants were unable to answer that question. Hrg. Tr. 35, ECF 58. In her order, the Magistrate Judge concluded:

> Although Mr. Parsons' Affidavit explains much about the G670RV tires, it contains no information about how the inner liners in these ten tires are similar or different to each other. (*See generally* Parsons Aff.) At this point, there is no way for the undersigned to conclude the inner liners are not substantially similar. The undersigned therefore concludes production pertaining to all ten G670RV tires is warranted.

Mag. Order 13, ECF 56.

This Court finds that the Magistrate's Order as to Request No. 11 was neither clearly erroneous nor contrary to law. Although Mr. Parsons specifically addressed the differences among the tires with regard to other components of the tires, he never averred in his Affidavit that the inner liner specifications of the other nine tires differed from those of the tire at issue. It may be that the tires are not substantially similar and that it was merely an oversight that the Affidavit does not set forth the differences among the tires' inner liner specifications. However, because Request No. 11 specifically asks for information regarding the inner liner specifications, it also seems likely that a description of the differences was omitted because the tires' inner liner specifications are indeed substantially similar. *See, e.g.*, *Swain v. General Motors Corp.*, 81 F.R.D. 698, 700 (W.D. Pa. 1979) (finding that where defendants argue that the discovery sought is irrelevant but fail to demonstrate alleged dissimilarity, the court is "left with what appears to be an entirely logical conclusion that the discovery sought is relevant"). Upon review of the

evidence in the record, the Court finds no clear error in the Magistrate Judge's conclusion that the Affidavit failed to demonstrate that the tires are not substantially similar.

Furthermore, the Magistrate Judge found that the requested discovery was relevant to Plaintiff's theory that the tire's inner liner was too thin by design and then became even thinner during a faulty manufacturing process. This Court finds nothing erroneous or contrary to law in the Magistrate's conclusion that the information sought in Request No. 11 was discoverable under Rule 26, as it is relevant to Plaintiff's claims and the Defendants have not claimed that the information is privileged. *See, e.g.*, *Fine v. Facet Aerospace Prods. Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990) ("Generally, different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation.").[1] Accordingly, the Court overrules Defendants' objection regarding Request No. 11.

## II.     Request No. 9

The Magistrate's Order requires production of property damage claims and complaints for all ten G670 RV tires. Defendants make the same arguments that they made for Request No. 11, contending that the Parsons Affidavit demonstrated that the nine other tires bearing the G670 RV name were not substantially similar to the tire at issue in this litigation. However, as with Request No. 11, the Magistrate Judge found that nothing in the Affidavit demonstrated that the tires' inner liners were not substantially similar. As explained above, this Court finds that the Magistrate's reasoning was neither clearly erroneous nor contrary to law. Moreover, the Court is not persuaded by Defendants' argument that such production is unduly burdensome.

---

[1] In reaching its conclusion that the Magistrate's Order is not contrary to law, the Court has considered the cases cited by Defendants in which discovery was denied due to a lack of substantial similarity between products. The Court notes that all of those cases were from courts outside of the Fourth Circuit.

Defendants also argue that it was error to require production of post-incident property damage claims and complaints. Defendants contend that such production is contrary to *Branham v. Ford Motor Co.*, 701 S.E.2d 5 (S.C. 2010), a product liability case involving a vehicle rollover accident. The *Branham* court held that although pre-manufacture rollover data was admissible at trial, it was error to admit at trial post-manufacture evidence of similar incidents to prove liability. *Id.* at 20. Defendants argue that the Magistrate's Order is contrary to law in that it orders production of post-incident discovery. This Court disagrees. The holding in *Branham* addresses whether post-accident information is admissible at trial, not whether such information is discoverable. Rule 26 explicitly provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This Court finds nothing clearly erroneous or contrary to law in the Magistrate's conclusion that post-incident property damage claims and complaints are reasonably calculated to lead to discovery of admissible evidence. Accordingly, Defendants' objection to Request No. 9 is overruled.

### III.   Request No. 10

Request No. 10, as limited by Plaintiff during the process of conferring with Defendants on this discovery request, seeks six charts showing the Defendants' organizational structure, officers, departments, and the titles of the heads of each department. The Magistrate's Order requires production of the six organizational charts, including charts in effect both during the week of manufacture and in 2013 for the plant at which the tire at issue was manufactured, Goodyear, and GDTNA. According to Defendants, the Magistrate's Order was not limited in scope as it requires production of organizational charts without regard to whether the departments, groups, or titles described in the charts would have any involvement in the design,

manufacturing, marketing, testing, and sale of the tire at issue. Defendants thus contend that such production is unduly burdensome and over broad.

In her Order, the Magistrate Judge noted that "[a]lthough Defendants contend the request is overly broad and unduly burdensome, they have not explained how the limited request is overly broad and unduly burdensome." Mag. Order 15. Upon review of the record before the Magistrate Judge, the Court agrees that Defendants did not explain how Request No. 10 was overly broad and burdensome. In their memorandum before the Magistrate Judge, Defendants provided no details explaining how the scope of the requested charts is too broad or how the process of producing those charts would be unduly burdensome.[2] Moreover, although Plaintiff argued at the hearing before the Magistrate Judge that production of the six charts was necessary for discovering potential witnesses, Defendants made no arguments regarding Request No. 10 at the hearing.

Based on the information before the Magistrate Judge, the Court finds nothing clearly erroneous or contrary to law in the Magistrate's Order compelling production of the six organizational charts. Indeed, even upon consideration of the more detailed arguments advanced in Defendants' Objections,[3] this Court does not have a "definite and firm conviction that a mistake has been committed," such as to support a finding of clear error. *See Anderson*, 470

---

[2] Defendants' memorandum made the following general claims regarding burden and scope: "[O]rganizational charts, currently in effect and in effect at the time of manufacture, for every department of Goodyear and GDTNA without a limitation to the tire involved in the accident [are] not only unduly burdensome but also over broad. This is especially so since GDTNA's only involvement with the Tire at Issue was as its manufacturer. Likewise, to require Goodyear to search for and locate each and every organizational chart, to the extent they exist, would be unduly burdensome." Defs.' Resp. to Mot. to Compel 11-12, ECF 38.

[3] In their Objections, Defendants now contend that the charts reveal dozens of positions and hundreds of names of employees and cover areas—such as passenger car tires, motorcycle tires, and ATV tires—that are outside the scope of the issues in this case. Defendants thus maintain that disclosure of information in the form of organizational charts is not the most efficient manner to acquire pertinent information. They further argue that Plaintiff has failed to establish the relevance of Request No. 10. However, Defendants still fail to explain how production is unduly burdensome.

U.S. at 573. Moreover, Defendants have not shown how the Magistrate's Order is contrary to law. *See, e.g.*, *Stambler v. Amazon.com, Inc.*, 2:09-CV-310 DF, 2011 WL 10538668, at *8 (E.D. Tex. May 23, 2011) (finding relevant, and compelling production of, organizational charts for multiple departments); *Cunningham v. Standard Fire Ins. Co.*, C.A. No. 07-cv-02538-REB-KLM, 2008 WL 2902621, at *2 (D. Colo. July 24, 2008) (permitting discovery of organizational charts beyond just the claims department at issue). Accordingly, the Court overrules Defendants' objection to Request No. 10.[4]

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Objections to the Magistrate's Order are **OVERRULED**. Accordingly, the Magistrate's Order is **AFFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 7, 2014**
**Charleston, SC**

---

[4] The Court denies Defendants' request that Plaintiff be required to specify with some particularity the specific portion of an organizational chart that he seeks.